IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE NARCISSE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN REYOLDS,[1] In Charge of Regional Center of the State of Nebraska; MELANIE J. WHITTAMORE MANTZIOS, Attorney; KRISTI J. EGGER, Deputy Public Defender; KRIS BOE SIMMONS, Acting 700; JULIE REDWING, RN - Director of Nursing; LISA WEIBLE, Librarian; SPENCE PROPEL, NORFOLK REGIONAL CENTER, and DEPT OF HEALTH AND HUMAN SERVICES,<br><br>Defendants. | 8:19CV130<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jesse Narcisse filed his Complaint on March 27, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

As best the court can determine, Plaintiff has been civilly committed to the Norfolk Regional Center ("NRC") as a dangerous sex offender. (*See* Filing No. 1

---

[1] Plaintiff refers to this Defendant as "John Reyolds" in the caption, but in the body of the Complaint and the attachments, the Defendant is referred to as "John Reynolds." The court will utilize the latter spelling of "Reynolds" as it seems more likely correct.

at CM/ECF pp. 8, 15–17.) He brings this 42 U.S.C. § 1983 action against the NRC, the Nebraska Department of Health and Human Services ("NDHHS"), various NRC officials and employees (collectively "NRC Defendants"),[2] and attorneys Melanie J. Whittamore-Mantzios and Kristi J. Egger. Plaintiff alleges he has been denied access to the courts because the NRC does not have a law library and his requests for legal assistance from Whittamore-Mantzios and Egger have been denied or ignored.

Plaintiff filed a Step 1 Grievance against the NRC on January 22, 2019, for failure to provide a law library, and received the following response from Defendants Julie Redwing and Kris Boe Simmons: "NRC does not provide a legal/law library. If you have some case law you need your social worker can connect you with DHHS Contract Attorney." (Filing No. 1 at CM/ECF pp. 8, 24.) Plaintiff filed a Step 2 Grievance on February 13, 2019, which he mailed to Defendant John Reynolds. (*Id.* at CM/ECF pp. 8–9, 21.) Plaintiff alleges Reynolds refused to respond to the grievance and, instead, the grievance was returned to the NRC and denied for the same reasons stated in the Step 1 Grievance. (*Id.* at CM/ECF pp. 8–9, 11–13, 23.) Plaintiff also alleges he spoke to Defendant Spence Propel about the law library and Propel told Plaintiff "that sex offender don't [sic] need a law library and to go through legal assistance and he just walked away from [Plaintiff]." (*Id.* at CM/ECF p. 8.)[3]

Whittamore-Mantzios is NRC's contract attorney who provides legal assistance to NRC patients upon NDHHS' approval of a patient's request for legal assistance. (*See Id.* at CM/ECF pp. 18–19.) Plaintiff's allegations and documents attached to his Complaint indicate that he contacted Whittamore-Mantzios directly on or about February 8, 2019, asking her to provide copies of certain case law and "help getting back to the Mental Health Board." (*Id.* at CM/ECF pp. 15–16.)

---

[2] The individual NRC defendants include John Reynolds, Kris Boe Simmons, Julie Redwing, Lisa Weible, and Spence Propel.

[3] Capitalization and spelling corrected throughout this order.

Whittamore-Mantzios declined to assist Plaintiff, explaining, "We need to go through the proper procedure. I cannot represent you in Court or before the Mental Health Board. My role is limited to providing legal research for you." (*Id.* at CM/ECF p. 19.) Plaintiff alleges he "followed all policy" and was still refused help. (*Id.* at CM/ECF pp. 4, 18.)

Plaintiff alleges Egger is the Lancaster County, Nebraska Deputy Public Defender who represented him before the Mental Health Board in his commitment proceedings. (*See Id.* at CM/ECF p. 15.) Plaintiff wrote to Egger on or about September 2, 2018, seeking copies of case law. (*Id.* at CM/ECF pp. 10, 14.) Egger did not respond to Plaintiff's letter or return any of his phone calls. (*Id.* at CM/ECF pp. 10, 15.)

As relief, Plaintiff seeks $1 million in compensatory damages and $1 million in punitive damages against Defendants in their official and individual capacities "upon the conspiracy for violations of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States[,] also under the Fifth, Six[th,] and the 14[th] Amendment to . . . access to the courts." (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages from the NRC, the NDHHS, and the NRC Defendants in their official and individual capacities. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its

4

instrumentalities, and state employees sued in their official capacities. The NRC and the NDHHS are both state instrumentalities.[4] *See Pointer v. Lincoln Reg'l Ctr., No. 8:08CV80, 2008 WL 2773859, at \*2 (D. Neb. July 14, 2008)*. The NRC Defendants are all alleged to be state employees of either the NRC or the NDHHS and, as such, enjoy sovereign immunity for damages claims made against them in their official capacity absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Therefore, Plaintiff's claims against the NRC, the NDHHS, and the NRC Defendants in their official capacities must be dismissed.[5]

**B. Claims against Egger**

Plaintiff sues Lancaster County Deputy Public Defender Egger in both her official and individual capacities. Liberally construed, Plaintiff's claims against Egger in her official capacity are claims against Lancaster County, Nebraska. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

---

[4] Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the NRC or the NDHHS.

[5] The court questions whether Plaintiff's claims for monetary damages against Whittamore-Mantzios in her official capacity may also be barred by sovereign immunity. As alleged in the Complaint, Whittamore-Mantzios is an attorney who contracts with the NDHHS to provide legal services to NRC patients requiring legal research assistance. Thus, for purposes of initial review, the court assumes that Whittamore-Mantzios' conduct was that of a person acting under color of state law as is required for a claim under 42 U.S.C. § 1983, *see West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), but makes no determination as to whether she would be entitled to sovereign immunity in her official capacity.

In order to state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's public defenders, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Lancaster County. Thus, Plaintiff's claims against Egger in her official capacity must be dismissed. *See Herzog v. O'Neil*, No. 8:10CV313, 2011 WL 1398475, at *3 (D. Neb. Apr. 13, 2011) (concluding official capacity claim against public defender was actually claim

against county that employed the public defender); *see also* *Jackson v. Grand Forks Cty. Corr. Ctr. Med. Dep't*, No. 2:14-CV-103, 2015 WL 4210875, at *2 (D.N.D. July 10, 2015) (same).

With respect to Plaintiff's claims against Egger in her individual capacity, he alleges that she has failed to respond to his requests for legal assistance and is generally part of the "conspiracy for violations of Plaintiff's rights." (Filing No. 1 at CM/ECF pp. 4, 10.) However, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). Here, Plaintiff's claims against Egger arise from the context of Egger's court-appointed representation of Plaintiff in his commitment proceedings. The court concludes that Egger's conduct does not constitute action under color of law. See *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *T.R. v. Havens*, 612 F. App'x 83 (3d Cir. 2015) (Attorney appointed to represent individual in involuntary commitment proceedings was not a state actor, and thus could not be liable under § 1983 for alleged violation of individual's due process rights, where claims arose from acts performed pursuant to attorney's court-appointed representation). While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's single, conclusory allegation falls far short of stating a plausible conspiracy claim. Plaintiff's individual-capacity claims against Egger will, therefore, be dismissed.

**C. Access to Courts Claim**

Liberally construed, Plaintiff seeks damages against the NRC Defendants in their individual capacities and Whittamore-Mantzios for the alleged denial of his constitutional right to access the courts.

To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff complains about his lack of access to a law library at NRC and appears to assume that he is entitled to a law library. (*See* Filing No. 1 at CM/ECF p. 24 ("According to my rights as a mental health patient I am to be given access to an adequate legal library.").) Although plaintiff may prefer access to a law library, such access is not necessarily required to provide meaningful access to the courts. *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (concluding that providing a law library is merely one way to comply with right of meaningful access to the courts). Plaintiff's factual allegations demonstrate that NRC patients have access to contract attorney services provided through the NDHHS. Plaintiff alleges, however, that he was refused such services even though he followed proper procedures. (Filing No. 1 at CM/ECF pp. 4, 18.) Plaintiff alleges that he sought Whittamore-Mantzios' "help getting back to the Mental Health Board" and asked her to provide legal research that he needed to prove that the two cases used to commit him were too "remote in time" and that he "should not be [at the NRC]." (*Id.* at CM/ECF pp. 15–16.) Liberally construed, Plaintiff's allegations plausibly suggest that he was impeded in his efforts to challenge his confinement in the NRC

when his requests for assistance from the NRC contract attorney, Whittamore-Mantzios, were denied.

**D. Individual Defendants**

While Plaintiff's Complaint alleges a plausible access to courts claim, the court determines that Plaintiff has failed to allege sufficient facts for such claim to proceed against Defendants Kris Boe Simmons, Julie Redwing, and Lisa Weible. Plaintiff merely names Lisa Weible in the Complaint caption and identifies her as the NRC librarian. (Filing No. 1 at CM/ECF p. 6.) However, Plaintiff makes no allegations against Weible in the body of the Complaint nor does he allege that she was personally involved in the alleged violation of his constitutional right to access the courts. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). With respect to Simmons and Redwing, Plaintiff alleges only that they responded to his grievances about the lack of an adequate law library at the NRC.[6] (*See* Filing No. 1 at CM/ECF pp. 8–9, 24–25.) Plaintiff does not allege facts suggesting they denied his requests for legal assistance from the NRC contract attorney or were personally involved in the denial of his requests for legal assistance. Accordingly, the court will dismiss Defendants Weible, Simmons, and Redwing from this action without prejudice for failure to state a claim.

---

[6] To the extent Plaintiff may be complaining about the adequacy of Simmons' and Redwings' responses to his grievances, he has not stated a cognizable claim under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison officials' failure to pick up inmate's completed grievance forms or investigate inmate's grievances); *Merryfield v. Jordan*, 431 Fed. App'x 743, 750 (10th Cir. 2011) (holding that civilly committed sex offender lacked any federal constitutional right to an adequate grievance procedure).

9

Plaintiff's access to courts claim may proceed to service of process against Defendants John Reynolds, Spence Propel, and Whittamore-Mantzios. Liberally construed, Plaintiff alleges Reynolds and Propel are employed by NDHHS, are responsible for oversight of the NRC, and were aware of Plaintiff's need for legal research assistance. (*See* [Filing No. 1 at CM/ECF pp. 6](), [8](), [21–23](), [25]().) Whittamore-Mantzios is the NRC contract attorney, received direct requests from Plaintiff for legal research assistance, and, as alleged in the Complaint, declined to provide assistance. Thus, the court concludes Plaintiff has stated a plausible access to courts claim against Defendants Reynolds, Propel, and Whittamore-Mantzios. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

## IV. OTHER PENDING MOTIONS

### A. Motion for Appointment of Counsel

Plaintiff filed a motion for the appointment of counsel. ([Filing No. 7]().) The court cannot routinely appoint counsel in civil cases. In *[Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996)](), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *[Id]().* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

**B. Motion for Case Progression Order**

Plaintiff also filed a motion for a case progression order, which the court construes as a motion for status. ([Filing No. 8](#).) Plaintiff's motion is granted. The court has completed its initial review of Plaintiff's Complaint, and this matter will now proceed to service of process as outlined in this Memorandum and Order. Plaintiff is advised that Defendants will have 21 days after being served with summons and the Complaint to file a responsive pleading. *See* [Fed.R.Civ.P. 12](#).

IT IS THEREFORE ORDERED that:

1. The following Defendants and claims shall be dismissed or proceed further as specified below:

    a. Defendants Norfolk Regional Center, "Dept of Health and Human Services," and Kristi J. Egger are dismissed from this case with prejudice and without leave to amend.

    b. Plaintiff's claims against Defendants Kris Boe Simmons, Julie Redwing, Lisa Weible, John Reynolds, and Spence Propel in their official capacities are dismissed with prejudice and without leave to amend.

    c. Plaintiff's claims against Defendants Kris Boe Simmons, Julie Redwing, and Lisa Weible in their individual capacities are dismissed without prejudice for failure to state a plausible claim for relief.

    d. For purposes of initial review only, Plaintiff has stated a viable claim of denial of his right of access to the courts against Defendants John Reynolds and Spence Propel in their

11

individual capacities and against Defendant Melanie Whittamore-Mantzios in her official and individual capacity.

2. The clerk of court is directed to obtain the last known addresses for Defendants John Reynolds and Spence Propel[7] from the Marshals Service for service of process on them in their individual capacities.

3. Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants John Reynolds and Spence Propel in their individual capacities at the addresses provided by the Marshals Service. The clerk of court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (filing no. 1), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants John Reynolds and Spence Propel in their individual capacities. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[8]

---

[7] From the court's own limited research, it appears John Reynolds and Spence Propel are no longer employed by the State of Nebraska. At least, neither individual appears in a search of the Nebraska State Employee Online Directory. *See* https://ne-phonebook.ne.gov/PhoneBook/faces/welcome.jsp.

[8] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

4. For service of process on Defendant Melanie Whittamore-Mantzios in her official capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Melanie Whittamore-Mantzios using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (Filing No. 1) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Melanie Whittamore-Mantzios in her official capacity at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509.** *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).

5. For service of process on Defendant Melanie Whittamore-Mantzios in her individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Melanie Whittamore-Mantzios using the address "1248 O Street, Suite 800, Lincoln, Nebraska 68508-1424," and forward them together with a copy of the Complaint (Filing No. 1) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Melanie Whittamore-Mantzios personally in her individual capacity at 1248 O Street, Suite 800, Lincoln, Nebraska 68508-1424.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

6. The clerk of court is directed to file under seal any document containing the last known personal addresses for Defendants John Reynolds and Spence Propel.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However,

Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

9. Plaintiff's Motion for Appointment of Counsel ([filing no. 7](filing no. 7)) is denied without prejudice to reassertion.

10. Plaintiff's Motion for Case Progression Order ([filing no. 8](filing no. 8)), construed as a motion for status, is granted consistent with this Memorandum and Order.

11. The clerk of court is directed to update the case caption to change the spelling of Defendant "John Reyolds" to "John Reynolds," to add a hyphen to the last name of Defendant Melanie J. Whittamore-Mantzios, and to remove Defendants Kristi J. Egger, Kris Boe Simmons, Julie Redwing, Lisa Weible, Norfolk Regional Center, and "Dept of Health and Human Services."

12. The clerk of court is directed to set the following pro se case management deadline: **April 22, 2020**: check for completion of service of process.

Dated this 23rd day of January, 2020.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge