IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE NARCISSE,<br><br>               Plaintiff,<br><br>     vs.<br><br>JOHN REYNOLDS, MELANIE WHITTAMORE-MANTZIOS, and SPENCE PROPEL,<br><br>               Defendants. | **8:19CV130**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's pleading entitled "Objection to Dismiss" (filing no. 24), which has been docketed as a motion, and Defendant Melanie Whittamore-Mantzios' ("Defendant") Motion to Strike Plaintiff's Objection (filing no. 27) and supporting brief.

Courts may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir.2001)). While such relief is an "extreme measure," "a motion to strike should be granted if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (internal quotation omitted).

Upon careful consideration, the court agrees that Plaintiff's "Objection" should be stricken for the reasons outlined in Defendant's Motion to Strike. Namely, the Objection is redundant as it mirrors the Complaint, it is not a permissible pleading under Fed.R.Civ.P. 7(a), Defendant has not moved to dismiss

the Complaint at this time, and to the extent the Objection could be construed as a motion, it fails to "state with particularity the grounds for seeking the order" and "the relief sought" as required by Fed.R.Civ.P. 7(b). Accordingly,

IT IS ORDERED that:

1. Defendant's Motion to Strike (filing no. 27) is granted.

2. Plaintiff's "Objection" (filing no. 24) is stricken from the record and the clerk of the court shall terminate the motion event associated with this filing.

3. Plaintiff is advised that once all Defendants have answered, the court shall enter a progression order addressing how this matter shall proceed.

Dated this 23rd day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge