IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE NARCISSE, | |
| Plaintiff, | **8:19CV130** |
| vs. | |
| JOHN REYNOLDS, MELANIE WHITTAMORE-MANTZIOS, and SPENCE PROPEL, | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel. (Filing No. 62.) Defendants have advised the Court that they take no position on Plaintiff's motion. (Filing No. 63.) For the reasons explained below, the motion will be denied.

**DISCUSSION**

Plaintiff is currently civilly committed to the Regional Center. Plaintiff brought this 42 U.S.C. § 1983 action against the Norfolk Regional Center ("NRC"), the Nebraska Department of Health and Human Services ("NDHHS"), various NRC officials and employees, and attorneys Melanie J. Whittamore-Mantzios and Kristi J. Egger. Plaintiff alleges he has been denied access to the courts because the NRC does not have a law library and his requests for legal assistance from Whittamore-Mantzios and Egger have been denied or ignored.

On January 23, 2020, this Court dismissed Plaintiff's claims against all defendants, except for those against Defendants John Reynolds and Spence Propel in their individual capacities and Defendant Melanie Whittamore-Mantzios in her official and individual capacity. (Filing No. 10.)

In that Memorandum and Order, the Court also denied a then-pending motion for appointment of counsel filed by Plaintiff. The motion was denied without prejudice to reassertion. Plaintiff filed another motion for appointment of counsel on April 16, 2020 (Filing No. 25), asserting counsel should be appointed because he is mentally ill and the questions raised in his Complaint are complex and sufficiently meritorious. The motion was denied without prejudice on April 23, 2020. (Filing No. 31.) Plaintiff filed the instant Motion for Appointment of Counsel (Filing No. 62) on May 26, 2021, again maintaining he is entitled to counsel because he is mentally ill and complex questions are raised in his Complaint that are sufficiently meritorious.

This Court has previously explained to Plaintiff that it cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals stated that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.*

Having considered these factors, Plaintiff's Motion for Appointment of Counsel will be denied without prejudice to reassertion. Other than conclusory assertions, Plaintiff has not set out any basis for appointment of counsel. Moreover, Plaintiff's current motion is nearly identical to his last motion requesting counsel. Nothing has changed since the last time Plaintiff's request for counsel was denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Filing No. 62) is denied.

Dated this 1st day of July, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge